IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Case No. CR-10-3-BLG-JDS |
|---|---|
| Plaintiff, | MEMORANDUM OPINION |
| vs. | |
| RICHARD BRUCE SANDERS, | |
| Defendant. | |

Introduction

On September 13, 2010, the Court granted Plaintiff's Motion to Quash Subpoena of Morgan Kamelin (Ms. Kamelin) under Fed.R.Crim. Proc. 17(c). Court Doc. 59. The primary basis for Plaintiff's Motion was that Ms. Kamelin's testimony is not relevant to the inquiry before the Court, namely, whether the Affidavit of Probable Cause and Application for Search Warrant (Affidavit of Probable Cause) submitted to Judge Spaulding by Deputy Shawn Lesnick was supported with probable cause.

1

Facts

A brief recitation of the relevant facts is necessary. The controversy presently before the Court surrounds Ms. Kamelin's expected testimony about a separate incident involving Defendant's arrest on state charges of unlawful restraint and assault (state charges). Ms. Kamelin rents a residential unit from Defendant and was a witness to the events surrounding the state charges. The Affidavit of Probable Cause states that Ms. Kamelin presented an unsigned affidavit to the Mussellshell County Attorney. Court Doc. 38-1 ¶ 3. Ms. Kamlelin stated that she was approached by another tenant of Defendant, Ray Ott (Ott). Id. Ott presented Ms. Kamelin with the unsigned affidavit concerning the events surrounding the state charges. The unsigned affidavit stated that Ms. Kamelin was very ill, under the influence of prescription drugs and does not remember the assault involving Sanders. Id. Ott reportedly told Ms. Kamelin that if she did not sign the affidavit that Defendant would subpoena her. Id. Ms. Kamelin stated that the affidavit was "basically a lie." Id. Ms. Kamelin further stated that she knew both Ott and Defendant

had computers which could have produced the unsigned affidavit. Id. The Affidavit of Probable Cause sought a warrant to search Defendant's residence for computers and related material concerning possible witness tampering charges. Id. at ¶¶ 2, 3.

Analysis

Federal Rule of Criminal Procedure 17 governs subpoenas for the attendance of witnesses, as well as the production of documents and objects. See Fed.R.Crim.P. 17 (2009). However, a Rule 17(c) subpoena duces tecum is "not intended to provide a means of discovery for criminal cases." United States v. Nixon, 418 U.S. 683, 698 (1974). "In reviewing the validity of a search warrant, [the Court is] limited to the information and circumstances contained within the four corners of the underlying affidavit." United States v. Bertrand, 926 F.2d 838, 841 (9th Cir. 1991). The United States Supreme Court determined that, "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review." Illinois v. Gates, 462 U.S. 213, 236. Rather, deference should be accorded to a magistrate's decision. United States v. Leon, 468 U.S. 897,

3

914 (1984).

In addition to constitutional challenges, which the Court declines to address, Defendant argues that Ms. Kamelin's testimony would be relevant in the context of a hearing under Franks v. Delaware, 438 U.S. 154, 155-156. (1978). Defendant insists that he has explicitly set forth issues germane to a Franks inquiry.

The Franks Court held that, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Franks at 438 U.S. 154, 155-156. (1978).

The question for the Court then becomes has Defendant made the "substantial preliminary showing" necessitating a Franks hearing which might require Ms. Kamelin's testimony? The Court answers in the negative.

Defendant makes the conclusory statement that, "it is the contention

of the Defendant that the characterization by the application in the initial search warrant contained false and misleading information and is governed in part by Franks v. Delaware, 438 U.S. 154, 98 Sup.Ct. 2674, 57 L.Ed. 2nd. 667 (1978). It is the belief of Defendant that there are material factual inaccuracies and that once the deliberate falsehoods and/or reckless misstatements of fact are removed, the remaining information in the affidavit is inadequate to support a finding of probable cause." Defendant's Memorandum of Law at p. 2 Court Doc. 35.

This is not enough for a "substantial preliminary showing." Defendant has made no showing, other than contentions and beliefs, that Ms. Kamlelin's testimony will amount to relevant evidence. Among other requirements, a defendant must provide, [a] detailed offer of proof, including affidavits [which] must accompany the allegations." United States v. Dicesare, 765 F.2d 890, 895 (9th Cir. 1985). Defendant has offered only conclusory statements and provided no such detailed offer of proof. Defendant has failed to demonstrate the relevance of Ms. Kamlelin's testimony other than a vehicle for discovery. Consequently, the Court finds that Defendant has failed to establish the necessity of a Franks

5

hearing which might require Ms. Kamelin's testimony at the suppression hearing stage.  In accordance with Illinois v. Gates, the Court declines to undertake a de novo review of the affidavit and subsequent warrant as persuaded by Defendant. Nevertheless, Defendant will have every opportunity to challenge the affiant, rather than the informant, regarding any alleged falsehoods and/or reckless misstatements [1].

## Conclusion

For the reasons stated herein and pursuant to this Court's Order dated September 13, 2010, Court Doc. 59, Plaintiff's Motion to Quash Subpoena of Morgan Kamelin, Court Doc. 50, is GRANTED.

DATED this 22nd day of September, 2010.

         /s/ Jack D. Shanstrom
         JACK D. SHANSTROM
         SENIOR U.S. DISTRICT JUDGE

---

[1] Because the Court finds Plaintiff's Motion well taken on relevance grounds it declines to reach issues of whether the subpoena is unreasonable or oppressive.