FILED
BILLINGS DIV.

2010 DEC 22  PM 3 01

PATRICK E. D.F.    . . .

BY _____
          DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Case No. CR-10-3-BLG-JDS |
|---|---|
| Plaintiff, | FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER |
| vs. | |
| RICHARD BRUCE SANDERS, | |
| Defendant. | |

## INTRODUCTION

On January 25, 2010, Defendant Richard Bruce Sanders (Sanders) was indicted by the Grand Jury of Count I – FELON IN POSSESSION OF A FIREARM, in violation of 18 U.S.C. § 922(g)(1), Count II – FELON IN POSSESSION OF AMMUNITION Title 18 U.S.C. § 922(g)(1) and a forfeiture allegation under 18 U.S.C. § 924(d) . Sanders was tried before the Court sitting without a jury on November 22, 2010. The United States was represented by Bryan R. Whittaker, Assistant United States Attorney. Sanders was represented by Robert L. Stephens, Jr. After the

close of the Government's case, Defendant made a Rule 29 Motion for Judgment of Acquittal on Count II which the Court took under advisement.

## RULE 29 MOTION

In his Rule 29 Motion, Sanders argued that the possession of the firearms and ammunition found in different locations on the same property on the same day present a case of simultaneous possession which precludes separate units of prosecution under 18 U.S.C. § 922(g)(1). In support, Sanders cites *United States v. Keen*, 96 F.3d 425, 433 (9th Cir.1996) in which the Ninth Circuit determined that Congress did not intend for separate units of prosecution under § 922(g)(1) for the simultaneous possession of a firearm and ammunition.

Sanders argues that the Government did not present sufficient evidence at trial that possession of the ammunition was a, "separate distinct occurrence, either in time or place and as a consequence the Defendant should be acquitted of Count II of the Indictment."

The Government counters that the ammunition was found in a separate building on the property and therefore may present a separate

2

count. (Trial Transcript, p. 44).

In this case, it is undisputed that the firearms and ammunition were found on the same day on the same property. The ammunition found in the outbuilding was consistent with the caliber of one or more of the firearms seized by law enforcement from Sander's home. *Id.* at 20.

The Court finds that the firearms and ammunition charged in Count I and Count II of the Indictment were found in close enough proximity so as to constitute a single § 922(g) offense. Consequently, Counts I and II should be consolidated into a single count and, to that end Count II is **DISMISSED**.

## FINDINGS OF FACT

1. On September 28, 2010, Sanders notified the Court of his intent to waive his constitutional right to a trial before a jury under Rule 23 F.R.Crim.P. [Court Doc. No. 64].

2. On November 17, 2010, the Government consented to Sanders waiving his right to a jury trial [Court Doc. No. 76].

3. On November 22, 2010, before the trial in this matter, the Court concluded that Sanders made a knowing, intelligent, and voluntary waiver

3

in writing of his right to trial by jury.

4. On November 16, 2010, Sanders and the Government filed a stipulation of facts which the parties agree are proven beyond a reasonable doubt (Stipulated Facts). [Court Doc. No.75]. The Court adopts the Stipulated Facts as proven beyond a reasonable doubt and are set forth as follows:

1.   On April 10, 2008, Musselshell County Sheriff's Office ("MCSO") executed a state search warrant of Sanders' residence in Roundup, Montana. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") agents were also present on Sanders' property during the search.

2.   MCSO deputies found multiple firearms and ammunition inside Sanders' residence and in outbuildings on the property. For example, a .22 rifle was located behind the door of a bedroom/computer room of Sanders' residence. Likewise, a 9mm pistol was found in the master bedroom of the residence. MCSO deputies further located multiple firearms in the closet in the north bedroom of Sanders' residence.

3.   In total, deputies found twelve firearms inside the residence. The evidence includes the following firearms: 1) Astra, model a-70, 9 mm semi-automatic pistol (s/n T1696); 2) Ruger, model 10125, .22 caliber pistol (s/n 229-42114); 3) Ruger, model 10101, .22 caliber pistol (s/n 227-52835); 4) Oregon Arms, Inc., model    chipmunk, .22 caliber rifle(s/n31047);5) Rossi, model M62, .22 caliber rifle (s/n G379265); 6) Rossi, model M62, .22 caliber rifle (s/n G446348); 7) Rossi, model M59, .22

caliber rifle (s/m H002080); 8)Remington, model 870 express, 12 gauge pump-action shotgun (s/n C716011M); 9) Romarm/Cugir, model WASR 10, 7.62 caliber semi-automatic rifle (s/n 1-28747-2001); 10)DPMS, model A-15, .223 caliber semi-automatic rifle (s/n F0036200K); 11) Romanian,model M1969, 7.62 semi-automatic rifle (s/n C-1151); and 12) Marlin, model 60, .22 caliber rifle (s/n 20519914).

4.     After discovering the firearms in the residence, MCSO deputies applied for a second search warrant in order to seize the firearms. Deputies also obtained another search warrant to search other areas including a crawl space under the defendant's residence and outbuilding(s) located on the property.

5.     In a suppression hearing held before this Court on September 29, 2010, Sanders knowingly waived his Fifth Amendment right to remain silent and testified on his own behalf. During that testimony, Sanders stated that he constructively possessed one or more of the firearms which were in his residence. Sanders stated that he knew where the firearms were located and that he did in fact shoot firearms on occasion. He further stated that he stored the .22 rifle behind the door in the computer room and that he stored the other firearms in the closet. Sanders further stated that he had purchased several of the firearms in 1994 or 1995.

6.     Evidence in this case includes a copy of an ATF Form 4473 obtained from the store manager of Wal-Mart in Billings, Montana. The 4473 Form was completed and signed by Sanders on or about February 22, 1995, when he purchased the Rossi, M62, .22 caliber rifle (s/n 6G446348) - the identical gun found in his residence by MCSO deputies.

7.    Furthermore, the evidence includes a copy of an ATF
Form 4473 dated January 25, 1995, showing that
Sanders purchased a Rossi .22 caliber Rifle (s/n
H002080) from Lee's Guns, Inc. This form represents the
purchase by Sanders of the identical gun found in his
residence by MCSO deputies.

8.    [At trial, the Court heard testimony from James Huskey,
Special Agent in the Bureau of Alcohol, Tobacco, and
Firearms (SA Huskey).] SA Huskey has training and
experience as a firearms expert. SA Huskey analyzed the
recovered firearms (as described in paragraph 3, supra),
examined their markings including the serial numbers,
name of manufacture, model, and caliber or gauge. SA
Huskey concluded–and the parties stipulate–that each of
the twelve firearms were not manufactured in the State
of Montana and therefore have traveled in or affected
interstate or foreign commerce prior to April 10, 2008.
The .223 ammunition also was not manufactured in the
State of Montana and therefore had traveled in or
affected interstate foreign commerce prior to April 10,
2008. Likewise, all of the firearms fit within the
definition of a firearm as defined under 18 U.S.C. § 921.

9.    On or about May 12, 1981, Sanders was previously
convicted in the United States District Court for the
District of Montana of a felony offense, that is, a crime
punishable by a term of imprisonment exceeding one
year. Sanders' conviction was for a felon in possession of
a firearm in violation of Title 18 U.S.C. § 1202(a). The
evidence includes a certified copy of Sanders' conviction.

5. On April 10, 2008, while law enforcement was seeking additional

search warrants to search outbuildings and a crawl space on Sander's

property, Sanders provided voluntary consent for SA Huskey to search both the crawl space and an outbuilding. Trial Transcript (TR) 14, 15.

6. Sanders unlocked an outbuilding and opened two doors for SA Huskey. Inside the outbuilding, SA Huskey located an ammunition can containing approximately 1000 rounds of .233 ammunition. *Id.* at 14.

7. Sanders then took SA Huskey to the crawlspace where he located additional ammunition of various calibers. *Id.* at 15.

8. The firearms and ammunition described herein were used or intended to be used to commit firearms violations as alleged in the Indictment and are subject to forfeiture under 18 U.S.C. § 924(d).

## CONCLUSIONS OF LAW

1. Sanders knowingly, intelligently, and voluntarily waived his right to trial by jury. Pursuant to Rules 23(a)(2) & (3) Fed.R.Crim.P., the Government has consented to this waiver and the Court approves.

2. Under 18 U.S.C. § 922(g)(1), for the defendant to be found guilty of felon in possession of firearms and ammunition as charged in the Indictment, the United States must prove the following beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm or ammunition;

Second, the firearm or ammunition had been shipped or transported from one state to another or from a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year.

3.  Specifically, the Court finds that on or about  April 10, 2008, Sanders knowingly possessed the firearms and ammunition set forth in paragraph 3 of the Stipulated Facts and paragraphs 6 and 7 of the Findings of Fact.

4. The Court finds the firearms and ammunition traveled or affected interstate or foreign commerce.

5.  The Court finds that on or about May 12, 1981, Sanders was convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of the United States.

8

6. In view of the foregoing, the Court concludes that Sanders is GUILTY BEYOND A REASONABLE DOUBT AS TO COUNT I.

7. The firearms and ammunition described herein are subject to forfeiture under 18 U.S.C. § 924(d).

ORDER

Pursuant to the findings and conclusions of the Court,

**IT IS HEREBY ORDERED** that:

1. The defendant is found guilty beyond a reasonable doubt as charged in Count I of the Indictment

2. Count II of the Indictment is dismissed based on reasoning set forth above.

3.    Sentencing is set at 9:45 a.m. on Wednesday, March 16, 2011, James F. Battin U.S. Courthouse, Billings, Montana.

4. The United States Probation Office shall conduct a presentence investigation in accordance with Fed. R. Crim. P. 32(b) and 18 U.S.C. § 3552(a).

5. Following completion of the presentence report, the probation officer shall disclose the report (excepting any recommendations of the

probation officer) to the defendant, counsel for the defendant, and counsel for the government no later than **30 days prior to sentencing.** The probation officer shall not disclose, directly or indirectly to anyone under any circumstances, the substance or contents of any recommendation made or to be made to the Court.

6. In cases where restitution is mandatory, the probation officer shall consider a payment plan with the Defendant and make recommendations to the Court concerning interest and a payment schedule.

7. In accordance with U.S.S.G. § 6A1.2, no later than 14 days after receipt of the presentence report, each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort.

8. The presentence report, in final form, shall be delivered to the Court and the parties no later than **7 days prior to sentencing.**

9. If the objections made pursuant to ¶5 are not resolved and

counsel wishes the Court to address them, the objecting party shall submit all unresolved objections and a sentencing memorandum (one original and two copies) to the court no later than **the Friday before sentencing**. Sentencing memoranda must be faxed to opposing counsel on the day filed. The Court will resolve disputes in accordance with § 6A1.3 of the guidelines at the sentencing hearing.

10. Defendant Sanders shall remain in the custody of the United States Marshal pending sentencing.

Dated this 22nd day of December, 2010.

Jack D. Shanstrom
United States District Court