# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RICHARD BRUCE SANDERS, Defendant. | Case No. CR-10-3-BLG-JDS-01 ORDER |

## Introduction

Federal inmate Richard B. Sanders (Sanders) has filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Doc. No. 132). Additionally, Sanders filed a Motion Pursuant to Fed.R.Evid. 201 (Doc. No. 135), a Motion to Consider relevant Evidence (Doc. No. 136), and a Motion for a Writ of Mandamus (Doc. No. 138).

After a bench trial, Sanders was convicted of one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g).

In his Petition, Sanders alleges five grounds. Specifically; (1) Ineffective Assistance of Counsel; (2) Void Predicate Conviction; (3) Error in Suppression Hearing; (4) Presumption of Innocence Denied by Restraints; and (5) Illegal Use of

Search Warrant by Montana.

The initial question for petitions under § 2255 is whether, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court ... ." Rule 4(b), *Rules Governing Proceedings in the United States District Courts* under 28 U.S.C. § 2255. Based on the Court's initial review of Sanders' motion, the Court declines to require the United States Attorney to file an answer and denies Sanders' Petition in its entirety.

## Discussion

### I. Ineffective Assistance of Counsel

To warrant habeas relief due to ineffective assistance of counsel, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because both prongs of the Strickland test must be satisfied in order to establish a constitutional violation, failure to satisfy either prong requires that a petitioner's ineffective assistance of counsel claim be denied. *Strickland*, 466 U.S. at 687, 697. *Hein v. Sullivan*, 601 F.3d 897, 918 (9th Cir.2010) (a court can deny a *Strickland* claim if either part of the test is not satisfied), cert. denied, ––– U.S. ––––, 131 S.Ct. 2093, 179 L.Ed.2d 890 (2011).

Sanders argues that his attorney, Robert Stephens, was ineffective because he failed to advance certain arguments which Sanders believes would have aided his defense.[1] Specifically, Sanders argues that his underlying gun conviction was void. Sanders challenges his 1981 conviction for felon in possession of a firearm. Essentially, Sanders requests the Court set aside his conviction in CR-81-15-JFB-BLG citing Section 24 and 25 of the Enabling Act of 1889. Sanders argues that the Enabling Act empowers Montana to restore his civil rights concerning firearms which voids the predicate offense. Therefore, Sanders claim of ineffective assistance is predicated upon the validity of his legal theories. As stated below, his argument is without merit thus extinguishing his claim for ineffective assistance.

## II. Void Predicate Conviction

The crux of Sanders' Petition hinges on the proposition that his underlying conviction is void under a complicated theory involving the Enabling Act of 1889 juxtaposed with the Montana State Constitution, which Sanders insists restored his right to firearms in 1975. In support, Sanders points to phantom "documents received by this Court at trial" but never specifies the documents to which he is referring. See Doc. No. 132, p.14. Sanders makes the conclusory statement that, "[in] 1981 Montana

---

[1] Sanders claims that Mr. Stephens failed to bring forth the issues he raises in his Petition. However, this claim is belied by the record in that Mr. Stephens did file a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Predicate Offense) (*Doc. No. 72*) which raises identical issues.

had an enabling act protecting these rights and was hidden in the archives." *Id.* at p. 8 (citation omitted). The Court is unable to find any compelling support for this argument.

Sanders relies on *Caron v. United States*, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). He argues that 18 U.S.C. §921(a)(20) restores felons to full gun rights dependant upon the state in which the predicate conviction occurred.

Sanders' arguments are fatally flawed for a number of reasons. First, Sanders is prohibited from collaterally attacking his predicate offense. A defendant cannot escape a federal felon in possession of a firearm charge by claiming the predicate felony is subject to collateral attack. *Lewis v. United States*, 445 U.S. 55, 61-65 (1980) (holding that a conviction as a felon in possession of firearms is not invalid as a result of a successful attack on the predicate conviction); *Custis v.United States*, 511 U.S. 485, 490-93, 497 (1994) (finding no right under 18 U.S.C. § 924(e) to collaterally attack or challenge the constitutionality of prior convictions as convictions are defined under 18 U.S.C. § 921(a)(20)). Furthermore, if "a prior conviction . . . is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." 532 U.S. 374, 382 (2001).

The record reflects that in 1981 Sanders pled guilty to two counts of possession of a firearm in violation of 18 U.S.C. § 1202. In 1984, he unsuccessfully challenged the constitutionality of § 1202 in a habeas petition. Sanders again unsuccessfully attempted to attack his predicate conviction in 1992 via a Motion to Set Aside Illegal Conviction Obtained Under 18 U.S.C. § 1202(a). CR 81-15-BLG (Doc. No. 72-5). Sanders exercised multiple opportunities to judicially challenge the legality of his 1981 conviction and is barred from further collateral attacks.

Even assuming he was not procedurally barred from collaterally challenging his predicate offense, the State of Montana cannot restore civil rights which were taken from the defendant based upon a federal conviction. *Beecham v. United States*, 511 U.S. 368, 374 (1994). A previously convicted federal felon "can take advantages of § 921(a)(20) *only* if they have had their civil rights restored under federal law . . . ." *Beecham v. United States*, 511 U.S. 368, 374 (1994) (emphasis added). In other words, the State of Montana may not restore Sanders' right to firearms, as he suggests, because his prior conviction concerned violation of federal law.

Finally, Sanders' cornerstone argument that the state restoring his civil rights in 1975 effected the validity of his 1981 conviction is misplaced. When Sanders challenged his conviction in 1992, Judge Battin clearly set forth that Section 921(a)(20) was not amended until 1986, several years after Sanders' conviction was

final. See *Doc. No. 72-5 p. 3*. The amendment provisions became effective on May 19, 1986. The Ninth Circuit has held that the amendment provisions of 921(a)(20) are not to be applied retroactively. See *U.S. v. Brebner* 951 F.2d 1017, 1022 (9th Cir. 1991) (concluding "section 921(a)(20) cannot be retroactively applied to [offenses] because they were all alleged to have occurred prior to 180 days after May 19, 1986"). Therefore, the amendment is of no aid to Sanders as it relates to his 1981 conviction.

For the reasons set forth above, Sanders' attorney was not remiss in declining to advance a meritless arguments on appeal. Therefore, Sanders can meet neither prong of *Stickland* and his claim for ineffective assistance fails as well.

**III. Error in Suppression Hearing**

Sanders challenges certain facts and testimony presented at his suppression hearing. However, the Ninth Circuit Court of Appeals, after a *de novo* review, found this Court did not err in denying Sanders' Motion. Because the matter has been addressed on direct appeal, the Court declines to revisit it. "Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir.1985). Where a defendant raises an issue "on direct appeal and the previous panel addressed it, then that decision is law of the

case." *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir.2012) (citing *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 281 (9th Cir.1996)). "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Id. at 499 (quoting Richardson v. United States, 841 F.2d 993, 996 (9th Cir.1988)).

**IV. Presumption of Innocence Denied by Restraints**

Sanders argues the presumption of innocence was spoiled because he wore restraints at all proceedings in his criminal case including his bench trial.

Sanders is correct that the United States Supreme Court determined that a defendants rights may be violated when a *jury* is allowed to view them in shackles or prison garb, but this Court found no authority that this conclusion also applies to bench trials. Indeed, appellate courts which have considered this issue have declined to apply that conclusion to situations involving a judge as trier-of-fact. See *United States v. Zuber*, 118 F.3d 101, 102 (2d Cir.1997) ("the rule that courts may not permit a party to a jury trial to appear in court in physical restraints without first conducting an independent evaluation of the need for these restraints does not apply in the context of a non-jury sentencing hearing.") *United States v. Howard*, 480 F.3d 1005, 1012 (9th Cir.2007) ("[n]early all of the litigation concerning shackled defendants arises in the context of proceedings in front of a jury.").

Sanders provides no compelling argument that the restraints prohibited him from participating in his defense. Therefore, this ground proves unavailing.

## IV. Illegal Use of a Search Warrant by Montana

Sanders challenges the search warrant issued by a state judge concerning state charges of witness tampering. Once again, this argument presents issues already addressed by this Court at the suppression hearing, and the Ninth Circuit in his direct appeal. They shall not be revisited.

## V. Sanders' Remaining Motions.

Sanders has filed several other documents which, he argues, entitle him to relief.[2] However, generally a federal prisoner's exclusive remedy to test the legality of his sentence is a habeas petition addressed above. See *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir.2003). Sanders has made no compelling showing that his 2255 Petition is inadequate or insufficient to test the legality of his sentence. The remaining motions are procedurally barred and must be denied.

## Conclusion

Based on the foregoing, **IT IS ORDERED**:

---

[2] The Court notes that Sanders once again requests recusal. However, as previously ruled, such a request is untimely and thus denied. See *Preston v. United States*, 923 F.2d 731, 732-33 (9th Cir.1991) ("recusal motions should be filed with reasonable promptness after the ground for such a motion is ascertained").

1. Sanders' Habeas Petition under 28 U.S.C. § 2255. (Doc. No. 132) is **DENIED**;

2. Sanders' Motion Pursuant to Fed.R.Evid. 201 (Doc. No. 135) is **DENIED**;

3. Sanders' Motion to Consider Relevant Evidence (Doc. No 136) is **DENIED**; and

4. Sanders' Motion for a Writ of Mandamus (Doc. No. 138) is **DENIED.**

The Clerk of Court shall notify the parties of the making of this order. No certificate of appealability shall issue.

DATED this 2nd day of July, 2013.

          /s/ Jack D. Shanstrom
JACK D. SHANSTROM
SENIOR U.S. DISTRICT JUDGE