

FILED
SEP 26 2014
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>RICHARD BRUCE SANDERS,<br><br>Defendant/Movant. | Cause No. CR 10-003-BLG-SPW<br>CV 14-113-BLG-SPW<br><br>AMENDED ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

On June 16, 2014, Defendant Sanders filed a petition, ostensibly under 28 U.S.C. § 2241, seeking a ruling from the Court that he committed no crime by possessing a firearm in 2010 because the felony conviction he incurred in 1981 was based on an illegitimate law contradicted by the laws under which Montana was admitted to the Union as a State in 1889.

Sanders contends that he may rely on 28 U.S.C. § 2241 because, contrary to 28 U.S.C. § 2244(c)(3)(D), the Court of Appeals failed to act on his application for leave to file a second or successive motion within 30 days of his filing it. *See* Mot. & Application (Doc. 1) at 1-59, *United States v. Sanders*, No. 14-72155 (9th Cir. filed July 15, 2014). A federal prisoner may bypass 28 U.S.C. § 2255 and file a petition for writ of habeas corpus under 28 U.S.C. § 2241 if "the remedy by motion

1

is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Should the Court of Appeals refuse to authorize Sanders to proceed with a second or successive § 2255 motion in this Court, he will not be entitled to file a habeas petition under § 2241. *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 2000); *see also Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Therefore, it is difficult to imagine why a delay in the Court of Appeals' deciding whether to extend or refuse leave to proceed with a second or successive § 2255 motion would result in the opening of § 2241 to Sanders.

Moreover, § 2241 is available only if the prisoner "makes a claim of actual innocence" and "has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Sanders has not only had but taken multiple procedural shots at claiming that both his 2011 conviction and his 1981 conviction are invalid based on the laws existing at the time Montana was admitted to the Union. *See* Order (Doc. 139) at 3-6; *see also* Mot. for Certificate of Appealability (Doc. 6 at 1-3); *id.* Ex. F (Doc. 6 at 25) (letter to Sanders from Governor Schwinden (June 13, 1983) (advising Sanders that his federal right to possess firearms may not have been restored by the discharge of his state probation)), *United States v. Sanders*, No. 13-35611 (9th Cir. filed Aug. 26, 2013). The fact that previous courts have not agreed with Sanders that the Enabling

2

Act conclusively establishes his right to relief does not mean previous courts have not had access to the Act or have not read it. It means the Act does not establish Sanders' right to relief.

Section 2241 is not available to Sanders. His petition is a collateral attack on the criminal judgment and is consequently recharacterized as a motion under 28 U.S.C. § 2255. As the Court of Appeals has not authorized Sanders to file a second § 2255 motion in this Court, *see* 28 U.S.C. §§ 2255(h), 2244(c), the motion must be dismissed for lack of jurisdiction. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). A certificate of appealability is denied because Sanders' reliance on § 2241 is specious and the case is clearly controlled by *Burton*. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Sanders' petition under 28 U.S.C. § 2241 (Doc. 156) is RECHARACTERIZED as a successive motion under 28 U.S.C. § 2255 and DISMISSED for lack of jurisdiction.

2. Sanders' Writ of Mandamus (Doc. 158) filed September 25, 2014, is moot as a result of this Order;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Sanders files a Notice of Appeal;

3

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-113-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 25th day of September, 2014.

Susan P. Watters
United States District Court