FILED

APR 2 0 2016

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 10-03-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION |
| RICHARD BRUCE SANDERS, | |
| Defendant. | |

On April 18, 2016, Defendant Sanders, acting pro se, moved the Court for return of firearms confiscated from him in 2008. On March 17, 2011, Sanders was convicted of being a felon in possession of firearms. He states the judge who presided over the original criminal proceedings "ordered the firearms . . . to be confiscated." Mot. (Doc. 166) at 1; *see also* Findings (Doc. 93) at 4-5 ¶ 3, 8-9 ¶¶ 3-7; Order of Forfeiture (Doc. 121) at 3-5.

Sanders, as a felon, had no right to own the firearms in the first place. In his hands, they were contraband. He had no more legally cognizable property interest in them than he would have in cocaine. *See Luis v. United States*, __ U.S. __, 136 S. Ct. 1083, 1090 (2016) (citing *Carroll v. United States*, 267 U.S. 132, 159 (1925)).

1

*Henderson v. United States*, __ U.S. __, 135 S. Ct. 1780 (2015), *cited in* Mot. at 1-2, is easily distinguished. In that case, the person seeking to direct the transfer of his firearms "lawfully owned" them at the time they were surrendered as a condition of his pretrial release on bail. He was later convicted of a felony and then, as a consequence, lost his right to their return. *See Henderson*, 135 S. Ct. at 1783. Sanders, by contrast, was convicted of a felony in 1981 and remained a felon when the search was conducted and the firearms were seized in 2008. For that reason, he had no compensable property interest in the firearms.

Accordingly, IT IS HEREBY ORDERED that Sanders' motion for return of the firearms (Doc. 166) is DENIED.

DATED this 20th day of April, 2016.

Susan P. Watters
United States District Court