IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD BRUCE SANDERS,<br><br>Defendant. | Cause No. CR 10-03-BLG-SPW<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

On April 18, 2016, Defendant Sanders, acting pro se, moved the Court for return of firearms confiscated from him in 2008. His motion was denied on April 20, 2016. On April 29, 2016, Sanders moved for reconsideration.

The motion for reconsideration brings nothing new to the table. Sanders misunderstands *Henderson v. United States*, __ U.S. __, 135 S. Ct. 1780 (2015). The question in *Henderson* was whether the defendant *would* "possess" firearms in violation of 18 U.S.C. § 922(g) if, after he became a felon, he directed them to be given to a third party by exercising a "naked right of alienation—the capacity to sell or transfer his guns, unaccompanied by any control over them." *Henderson*, 135 S. Ct. at 1785.

Unlike Henderson, Sanders was already a felon when he possessed the firearms at issue in this case. Notably, the predicate felony for his conviction in

1

this case was a felony conviction for being a felon in possession of firearms. *See* Findings and Conclusions (Doc. 93) at 6 ¶ 9. "[T]itle to property *used to commit* a crime (or otherwise 'traceable' to a crime) often passes to the Government at the instant the crime is planned or committed." *Luis v. United States*, __ U.S. __, 136 S. Ct. 1083, 1090 (2016) (emphasis added).

Under *Henderson*, it would not be a violation of 18 U.S.C. § 922(g) for Sanders to direct the United States to transfer firearms to his (unnamed) heirs. But that does not matter, because Sanders has nothing to transfer. Sanders violated § 922(g) on or about April 10, 2008. *See* Findings and Conclusions at 8 ¶ 3. Further, the Court found the firearms seized from him were "involved in or used in [a] knowing violation of subsection . . . (g) . . . of section 922," so the firearms were subject to forfeiture. *See* 18 U.S.C. § 924(d)(1); Findings and Conclusions at 7 ¶ 8, 9 ¶ 7. Other potential claimants had an opportunity to show they held a cognizable property interest in the firearms and to seek compensation. No one did so. *See* Preliminary Order of Forfeiture (Doc. 95) at 2-4 ¶ 1; Final Order of Forfeiture (Doc. 121) at 1-5. All of "the proverbial sticks in the bundle of property rights," *Henderson*, 135 S. Ct. at 1784, undoubtedly rest in the hands of the United States.

Because he is a felon who did possess firearms in violation of 18 U.S.C. § 922(g), and because the Court found the firearms were involved in or used in a

2

knowing violation of § 922(g), Sanders has no legally cognizable property interest of any kind in the firearms seized from him—not even a single stick in the bundle of property rights. There is nothing for him to transfer to anyone else. *Henderson* has no bearing on his case.

If Sanders disagrees with this ruling, his recourse lies in appeal. No further motions for reconsideration will be entertained.

Accordingly, IT IS HEREBY ORDERED that Sanders' motion for reconsideration (Doc. 168) is DENIED.

DATED this 4th day of May, 2016.

Susan P. Watters
United States District Court