

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. RICHARD BRUCE SANDERS, Defendant/Movant. | Cause No. CR 10-03-BLG-SPW<br>CV 17-23-BLG-SPW<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

Once again, Defendant Sanders comes before the Court contending that he committed no crime by possessing a firearm in 2010 because the felony conviction he incurred in 1981 was based on a law he claims is contradicted by the laws under which Montana was admitted to the Union as a State in 1889. On this occasion, he has presented this claim in a "notice" purportedly addressed to the Assistant United States Attorney. Because he alleges the invalidity of his conviction and consequences arising from it, however, his "notice" is recharacterized as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

As Sanders is aware, this Court has no jurisdiction to entertain this claim. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). If he intends to pursue the claim, he must first apply for and obtain leave from the Court of Appeals to proceed in this Court with a second or successive motion. 28 U.S.C. §§ 2255(h),

1

2244(b). It is doubtful he can do so, because he has already litigated the claim he seeks to make again. But, be that as it may, he must proceed in the Court of Appeals.

As for Sanders' *ad hominem* attack on the Assistant United States Attorney, it is inappropriate. There is no need to put up with it, as Sanders is capable of presenting his claims in the usual way. In future, the Court will not file or acknowledge receipt of documents purporting to address or referring to the Assistant United States Attorney in a personal way.

In addition, Sanders must not deliver document to chambers. All documents must be filed with the Clerk of Court, James F. Battin Courthouse, 2601 Second Ave. North, Suite 1200, Billings MT 59101. *See* D. Mont. L.R. 1.4(d) (eff. Mar. 1, 2016). Chambers will make no further effort to assist Sanders with mailing services.

A certificate of appealability is denied because the case is clearly controlled by *Burton*. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Sanders has also filed a motion for early termination of his supervised release. That motion will be addressed by separate order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Sanders' "notice" to the Assistant United States Attorney (Doc. 172) is

RECHARACTERIZED as a successive motion under 28 U.S.C. § 2255 and DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Sanders files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-23-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 22nd day of February, 2017.

Susan P. Watters
United States District Court